# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD WILSON,

      Petitioner,      :      Case No. 3:09-cv-176

                              :      District Judge Walter Herbert Rice
   -vs-                                 Magistrate Judge Michael R. Merz

MATHIAS HECK, MONTGOMERY
 COUNTY, OHIO, et al.,

                              :

      Respondents.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action in which Petitioner Richard Wilson complains of and seeks relief from his August, 2008, conviction in the Montgomery County Common Pleas Court for non-support of a dependent. The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

Petitioner claims that he was convicted on illegally seized evidence and failure of the prosecution to provide him with favorable evidence because Montgomery County denies all knowledge of an international convention known as Reciprocal Enforcement of Maintenance Orders (REMO). He also claims the grand jury which indicted him was given false information.

On March 10, 2009, Petitioner filed a previous habeas corpus petition relating to the same conviction, *Wilson v. Heck*, Case No. 3:09-cv-094. In that case, the Magistrate Judge found the following facts:

      Petitioner was indicted by the Montgomery County Grand Jury on

> June 4, 2008, on two counts of non-support of his daughter. (Indictment in case 2008 CR 1931, available on the website of Montgomery County Clerk of Courts Gregory Brush). According to the Common Pleas Court's docket in the case, Petitioner was arrested on July 16, 2008. A not guilty plea was entered for him when he stood mute at arraignment on July 17, 2008. He was released on a conditional own recognizance bond the next day and was granted diversion from the criminal justice system on August 21, 2008. However, on January 9, 2009, Judge Huffman ordered the issuance of an absconder warrant which remains outstanding, again according to the docket.

(Report and Recommendations, Doc. No. 3, at 1.) Petitioner acknowledges in the Petition here that he filed the prior case and that he sought relief in that case, among other things, of establishment or application of the REMO. What Plaintiff does not acknowledge is that the prior case was, on the same claim, dismissed without prejudice under *Younger v. Harris,* 401 U.S. 37 (1971), to allow completion of the state court process. That dismissal took place only a month ago and Petitioner does not aver that the Common Pleas Court has completed its process. A check of the Common Pleas docket reveals that the absconder warrant for Petitioner's arrest is still outstanding.

28 U.S.C. § 2254(b)(1) provides that "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Since the sole claim presented in the instant Petition is the same claim presented in the prior case, the Petition should be dismissed without prejudice.

May 1, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with

this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Wilson v. Heck2 R&R.wpd